UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEFFREY SCOTT TAYLOR ) | |
| ) | Civil Action Number: |
| Plaintiff ) | |
| ) | FLSA Action |
| v. ) | |
| ) | Jury Trial Demanded |
| DREAMS R US, INC., and ) | |
| WILL ADAMEK, an individual ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff Jeffrey Scott Taylor (hereinafter "Plaintiff") by and through his undersigned counsel, and files this Complaint against Defendants DREAMS R US, INC. and WILL ADAMEK (hereinafter collectively "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and breach of an oral contract to pay wages pursuant to O.C.G.A. 13-1-1 et seq. and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which

1

have deprived Plaintiff, of his lawful overtime wages, and breach of an oral contract to pay wages pursuant to O.C.G.A. 13-1-1 et seq.

2. Plaintiff was employed by Defendants, primarily working as a Chef, at Sigma Nu Fraternity - Gamma Alpha Chapter, located at Georgia Institute of Technology, 750 Fowler Street, Atlanta, Georgia 30313 750 (hereinafter collectively Defendants' "Sigma Nu Location ").

3. During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek.

4. During the employment of Plaintiff, Defendants committed violations of the Georgia Code for breach of oral contract by failing to compensate Plaintiff for all hours worked.

5. Plaintiff seeks overtime compensation for work performed, repayment of lost wages, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

7. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State

of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

8. Plaintiff resides in Powder Springs, Cobb County, Georgia (within this District) and is a citizen of the United States.

9. Plaintiff was employed by Defendants at Defendants' Sigma Nu Location, from on or about February 8, 2020 until on or about February 22, 2021.

10. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States.

11. Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which he was employed by Defendants.

12. Defendant DREAMS R US, INC., is a corporation formed under the laws of the State of Georgia and provides food service meals at fraternity houses at Georgia Tech, University of Georgia, University of Tennesse and other Universities.

13. Defendant Will Adamek (Defendant "Ademek") hired Plaintiff, set his rate of pay and Plaintiff directly reported to him.

14. Upon information and belief, Defendant Adamek, at all times material to this action, was an "employer" of Plaintiff as defined by § 203(d) of the FLSA.

15. Defendants conduct business within this State and District.

16. Defendants maintained either actual or constructive control, oversight and direction of Defendants' Sigma Nu Location, including the employment and pay and other practices of that operation.

17. Defendant DREAMS R US, INC. is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, John Michael Capone, at 350 Lake Crest Drive, Roswell, GA, 30075.

18. Defendant Adamek is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served by delivering a copy of the summons and of the complaint to the Defendant Adamek at 4961 Lower Roswell Road, Suite 117, Marietta, GA, 30068.

**19.** At all times material to this action, Defendant DREAMS R US, INC was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000**.**

20. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

21. At all times relevant to this action, Plaintiff's primary duty was to be a chef for Defendants at their Sigma Nu Location.

4

22. At all times relevant to this action, Plaintiff's primary duty was not the management of the enterprise in which he was employed, nor of a customarily recognized department or subdivision thereof.

23. At all times relevant to this action, Plaintiff was not responsible for supervising or directing the work of any other employees.

24. At all times relevant to this action, Plaintiff did not possess the authority to hire or fire other employees.

25. At all times relevant to this action, Plaintiff did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities he performed.

26. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

27. At all times relevant to this action, Plaintiff was at times required to work in excess of forty (40) hours a week.

28. At all times relevant to this action, Defendants did not compensate Plaintiff for time worked in excess of forty (40) hours per week at a rate not less than one and one-half times the regular rate at which he was employed.

29. At all times relevant to this action, Defendants did not compensate Plaintiff for all time worked.

30. The records, if any, concerning the number of hours actually worked by Plaintiff, and the compensation actually paid to Plaintiff are in the possession of

Defendants.

31. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. § 207 or § 213 with respect to Plaintiff.

32. Defendants failed to meet the requirements for paying Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed, at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

33. Defendants are liable to Plaintiff for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times Plaintiff's regular rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

34. Before Plaintiffs employment was terminated, he complained on more than one occasion to Defendant Adamek, regarding having not been paid for all hours he worked.

35. Defendants failed to pay Plaintiff his agreed upon wages for all hours worked.

36. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable

attorneys' fees.

37. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

38. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

39. Plaintiff demands a jury trial.

## COUNT I

40. Plaintiff repeats and incorporates by reference Paragraphs 1-39 herein.

41. By their actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

42. Defendants have willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203 and 207 of the FLSA.

43. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime wages in accordance with §§ 203 and 207 of the FLSA.

44. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

45. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation and relief.

## COUNT II

46. Plaintiff repeats and incorporates by reference Paragraphs 1-45 herein. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the provisions of O.C.G.A. 13-1-1 et seq by failing to pay Plaintiff for all hours worked pursuant to an oral contract.

47. As a result of Defendant's violations of the Georgia Code, Plaintiff has suffered damages of lost wages.

48. Defendants have not made a good faith effort to comply with the Georgia Code with respect to its payment of wages to Plaintiff.

49. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of wages in an amount to be determined at trial, and is entitled to recovery of such amounts post-judgment interest, and other compensation and relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, and O.C.G.A. 13-1-1 et seq, prays for the following relief:

A.	That Plaintiff be awarded damages, plus an equal amount of liquidated damages;

B.	That Plaintiff be awarded lost wages plus an equal amount of liquidated damages;

C.	That Plaintiff be awarded post-judgment interest;

D.	That Plaintiff be awarded reasonable attorneys' fees;

E.	That Plaintiff be awarded the costs and expenses of this action; and

F.	That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 5th day of March, 2021.

MARTIN & MARTIN, LLP

By:	/s/ Thomas F. Martin
Thomas F. Martin
tfmartinlaw@msn.com Georgia Bar No. 482595
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070
(770) 344-7267/(770)