# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement"), is entered into effective as of the day of June 7, 2021, by and between JEFFREY SCOTT TAYLOR ("Taylor") and DREAMS R US, INC., and WILL ADAMEK (Collectively "Defendants"). Each of JEFFREY SCOTT TAYLOR, DREAMS R US, INC. and WILL ADAMEK are referred to herein individually as a "Party," and collectively, as the "Parties." As used herein, the phrases "this Agreement," "hereto," "hereunder," and phrases of like import shall mean this "Settlement Agreement and General Release." All capitalized terms shall have the meanings ascribed to them in the Agreement.

## R E C I T A L S

WHEREAS, Taylor alleges that he was employed by Defendants from on or about approximately February 17, 2020 until approximately February 11, 2021;

WHEREAS, Taylor alleges he was employed by Defendants most recently as a chef;

WHEREAS, on March 6, 2021, Taylor filed suit against Defendants in the United States District Court for the Northern District of Georgia, Atlanta Division, 1:21-cv-00958-CAP (the "Civil Action") alleging Defendants willfully failed to properly compensate Plaintiff for all hours in excess of forty (40) hours in a work week, in violation of the Fair Labor Standards Act of 1938;

WHEREAS, Defendants denied that Taylor is entitled to overtime, denies that Adamek is an "employer" for purposes of the FLSA, denies any liability to Taylor whatsoever; and contends that Taylor was properly compensated for all time worked and reported;

WHEREAS, after conducting limited discovery in the form of document exchange, extensive settlement discussions and offers, the Parties agree that a bona fide dispute exists between the Parties on all claims;

WHEREAS, Defendants and Taylor are desirous of resolving and terminating all disputes and claims between them existing as of the date of this Agreement, whether or not raised in the Civil Action; and

WHEREAS, the Parties have entered into this Agreement to bring about such resolution.

NOW, THEREFORE, the Parties, with the intent of totally ending and forever foreclosing all matters or potential matters in dispute between the Parties up to the time of this Agreement, thereby assuring peace between the Parties based on such matters, in return for the mutual promises and consideration contained herein, the sufficiency of which is expressly acknowledged, agree as follows:

1. **Payment**. In consideration for this Agreement, Defendants hereby agrees to pay the sum of TWELVE THOUSAND EIGHT HUNDRED AND EIGHT AND 34/100 DOLLARS ($12,808.34) to Taylor and Martin & Martin, LLP as counsel for Taylor (the "Settlement Amount") as follows:

    (i) A check, for wages, made payable to Taylor in the amount of ONE THOUSAND FIVE HUNDRED SIXTY SIX and 67/100 Dollars ($1,566.67), less applicable state and federal wage withholdings, for which a Form W-2 shall be issued;

    (ii) A check, for liquidated damages, made payable to Taylor in the amount of ONE THOUSAND FIVE HUNDRED SIXTY SIX and 67/100 Dollars ($1,566.67), for which a separate IRS Form 1099 shall be issued; and

(iii) A check made payable to Martin & Martin, LLP in the amount of NINE THOUSAND and SIX HUNDRED SEVENTY FIVE Dollars ($9,675), for attorney's fees and costs for which a separate IRS Form 1099 shall be issued to Martin & Martin, LLP.

Said checks shall be delivered within FIVE (5) business days of the Court's entry of an Order granting the Parties' Joint Petition for Review and Approval of Settlement and Order of Dismissal with Prejudice, or otherwise approving this Agreement, and Defendants' receipt of an executed W-9 Form from Martin & Martin, LLP.

The Parties agree that the Settlement Amount shall constitute full, final, and complete settlement of any monies, liabilities, or other obligations claimed to be owed to Taylor by Defendants, including, but not limited to, any attorney's fees and costs incurred in the Civil Action.

2. **Taxes**. Taylor understands that Defendants are not making any representations, warranties, or guarantees regarding federal and/or state tax liability for the payments set forth above with the exception of withholding detailed section 1(i). Defendants are not responsible for paying any taxes due on the amounts paid pursuant to this Agreement. If it is subsequently determined that Taylor should have paid taxes on any amount paid pursuant to this Agreement on which he did not pay taxes, the interest and penalties are Taylors' responsibility alone. Moreover, it is further expressly agreed that this is a final settlement agreement and that in the event the IRS, or any other government entity, determines that Taylor owes taxes, Taylor has no right to seek additional sums from Defendants, even though his actual amount of settlement proceeds will decrease by the amounts owed to the government. Taylor further agrees to indemnify and hold Defendants harmless for and from any and all taxes, withholding obligations, penalties, fines, and interest that might be asserted against Defendants or any of the Released Parties by virtue of the payments under paragraph 1.

3. **Release by Taylor**. Taylor hereby voluntarily and unconditionally releases and forever discharges, both jointly and severally, Defendants, Defendants' corporate subsidiaries, parents, divisions, and affiliates, and its current and former officers, directors, employees, shareholders, members, attorneys, servants, and agents, together with their predecessors, successors and assigns (hereinafter collectively referred to as "Released Parties"), from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demands whatsoever, arising out of events or occurrences as alleged in the Civil Action, including claims pursuant to the Fair Labor Standards Act ("FLSA"), and all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses, as alleged in the Civil Action (hereinafter collectively referred to as "Claims").

4. **Covenant Not to Sue**. Taylor further acknowledges and covenants not to sue the Released Parties or to execute, seek to impose, collect or recover upon, or otherwise enforce or accept any judgment, decision, award, warrant or attachment upon any claim released by him herein. Nothing in this Agreement shall affect any right or claim that cannot be waived by law. Taylor also acknowledges and covenants that he understands that after signing this Agreement, he cannot proceed against any person or any of the Released Parties with respect to or on account of any of the matters referred to in it; provided further, that this Agreement does not prohibit Taylor from filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") or any local or state agency, although Taylor agrees and acknowledges that he has waived, and shall not collect, any monetary benefits if the EEOC or state or local agency pursues a suit on his behalf against Defendants nor shall this Agreement be interpreted to prohibit or restrict Taylor from participating as a witness in any matter. Taylor agrees that if any type of claim or action is brought by him in violation of this paragraph, Taylor shall indemnify

Released Parties for any attorneys' fees and costs they may incur in responding to or defending against any such claim or action.

    **5.** **Stipulation of Dismissal with Prejudice**. The Parties agree that promptly after the execution of this Agreement, counsel for the Parties will file a Joint Petition for Review and Approval of Settlement and Order of Dismissal with Prejudice in the form and content attached hereto as Attachment "A". In the event the Court refuses to approve the terms of this Agreement, this Agreement shall immediately be terminated; this Agreement shall have no further force or effect; and the Parties shall be restored to the positions they occupied immediately prior to the execution of this Agreement.

    **6.** **Waiver of Reemployment**. Taylor acknowledges and agrees that, with this Agreement, he waives any right of reinstatement or future employment by Defendants. Taylor further acknowledges and agrees that in the event that he applies for employment with Defendants, this waiver shall be a legitimate, non-discriminatory, and non-retaliatory reason for any refusal to hire him. Taylor further acknowledges and agrees that in the event that he is mistakenly rehired by any of these entities, then upon discovery of such mistake, this waiver shall be a legitimate, non-discriminatory and non-retaliatory reason for his termination, without cause, without notice, and without recourse available to her against these entities. Taylor further agrees that he will not assert, file, or prosecute any charge or claim against.

    **7.** **Non-Disparagement**. Taylor agrees that he shall refrain from making any disparaging or defamatory remarks or comments regarding Released Parties relating to his employment with Defendants; provided, however, that nothing herein shall prevent Taylor from testifying truthfully in connection with any litigation, arbitration, or administrative proceeding. Defendants agrees that, upon inquiry from any potential employer or other entity seeking a reference for Taylor, Defendants will state only Taylor' dates of employment, position(s), and title(s) with Defendants.

    **8.** **Non-Admission**. It is understood and agreed that the payment and benefits conferred herein are not to be construed as an admission of liability on the part of either Party or the persons, corporations and entities hereby released, by whom liability is expressly denied. This Agreement is entered into solely in order to compromise and settle disputed claims, without any acquiescence, acknowledgement, or agreement by any Party as to the merit of any actions, causes of action, suits, debts, dues, sums of money, accounts, damages, expenses, attorney's fees, costs, punitive damages, penalties, judgments, claims or demands released herein. Neither this Agreement nor any part thereof shall be, or be used as, evidence or an admission of liability by anyone, at any time, for any purpose.

    **9.** **Basis for Settlement**. Each Party acknowledges and agrees that the terms of this Agreement are, and have been agreed to, for their mutual convenience, in part to avoid the expense, distraction, risk and uncertainty of further litigation, and after considering the risks of litigation and the circumstances of their respective businesses. Each Party also acknowledges and agrees that it has relied entirely on its own judgment, belief and knowledge (including its judgment, belief and knowledge with respect to the foregoing, the extent and duration of the claimed damages in the Civil Action, and the value of settling the Civil Action at this time) and the advice and recommendations of its own independently selected counsel, and, accordingly, neither it nor anyone acting on its behalf shall (or shall have the right to) deny or challenge the validity of this Agreement or any of the obligations of the Parties hereunder.

    **10.** **Representations and Warranties**. To procure the payment of the above sum, Taylor does hereby declare and warrant:

    **(a)**    That he has had the full right and opportunity to consult with counsel, and to the extent that he desired, he availed herself of this right and opportunity;
    **(b)**    That he has carefully read and fully understand this Agreement in its entirety and had the

Agreement fully explained to him by his counsel;

**(c)** That he is fully aware of the contents of this Agreement and its meaning, intent and legal effect;

**(d)** That he is legally competent to execute this Agreement;

**(e)** That he has the capacity and authority to execute this Agreement;

**(f)** Taylor' date of birth is April 8, 1968 and he has reached the age of forty (40);

**(g)** Taylor represents and warrants that to the best of his knowledge and belief no other person or entity has or had any interest in the claims, demands, obligations, or causes of action referred to in this Agreement; that he has the sole right and exclusive authority to execute this Agreement; and that he has not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Agreement;

**(h)** That no representations about the nature and extent of Taylor' damages, loss, or injury, and no representations regarding the nature and extent of the legal liability or financial responsibility of any of the Parties hereby released made by an attorney or agent of any party hereby released, have induced Taylor to enter into this Agreement;

**(i)** That in determining the payment to be made under this Agreement, there has been taken into consideration not only the ascertained damages and losses, but also the fact that there may be consequences not now ascertained;

**(j)** Taylor further warrants that he has not filed any claim of bankruptcy which would affect the proceeds of this settlement and that he is the lawful owner of this claim and any proceeds from this claim; and

**(k)** Taylor acknowledges and represents that he is not aware of any employment practice, incident, circumstance, dispute or problem which he considers to be the basis of a claim or complaint to be asserted against Defendants as of the date of execution of this Agreement.

**11.     Successors and Assigns.** This Agreement shall be binding upon and inure to the benefit of the Parties and their heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and all other persons or entities asserting claims by, on behalf of, or through them based or founded upon any of the claims released herein. This Agreement may not be assigned by a Party without the prior written consent of the other Parties, which consent shall not be unreasonably withheld or delayed. Notwithstanding the foregoing, a Party has the right to assign this Agreement, without the other Party's consent, to a person or entity that succeeds to all or substantially all of a Party's business or assets relating to this Agreement, whether by sale, merger, operation of law or otherwise, provided that such assignee or transferee agrees in writing to be bound by the terms and conditions of this Agreement, and provided further that no such assignment shall limit the effectiveness of the releases set forth in this Agreement or excuse any obligations of the assigning Party under this Agreement.

**12.     Severability.** The Parties agree that, in the event that any provision of this Agreement shall be determined by any court of competent jurisdiction to be illegal, unreasonable or unenforceable, such provision shall be deemed to be modified to permit its enforcement to the maximum extent permitted by law. The invalidity of any part of this Agreement shall not render invalid the remainder of this Agreement.

**13.     Acknowledgment of Receipt of Agreement.** Taylor hereby acknowledges receipt of a copy of this Agreement before executing same. Taylor represents and acknowledges that the provisions of this Agreement are contractual, and are not merely recitals, and that he has read the foregoing Agreement, understands it fully, and executes the same as his voluntary act and deed.

**14.** Revocation. Taylor has seven (7) days after executing this Agreement in which to revoke this Agreement (the "Revocation Period"). Thereafter, and upon approval by the United States District Court for the Northern District of Georgia, Atlanta Division, this Agreement will be effective and enforceable. To revoke this Agreement, Taylor shall deliver notice of such election in writing to Defendants' counsel, Joshua Y. Joel, Georgia Bar No. 230547 STANTON LAW, LLC, 410 Plasters Avenue NE, Suite 200 Atlanta, GA 30308-3243 on or before 5:00 p.m. on the seventh (7th) day after execution. If the seventh (7th) day does not fall on a business day, then the Revocation Period shall be deemed extended to 5:00 p.m. the next business day. This Agreement is not effective or enforceable until the Revocation Period has expired, and no monies or other consideration will be sent to Taylor until after the Revocation Period has expired (assuming that Taylor has not timely exercised his right to revoke the Agreement). If Taylor revokes this Agreement, he understands that he will not receive any of the benefits described herein.

**15.** <u>Construction</u>. This Agreement has been negotiated by the Parties and shall be interpreted fairly in accordance with its terms and without any construction in favor of or against any of the Parties. The interpretation and construction of this Agreement shall be subject to the following provisions:

**(a)** Words importing the singular meaning include where the context so admits the plural meaning and vice versa;

**(b)** The terms "and" and "or" as used herein shall mean both the conjunctive and the disjunctive, so that one word or the other may be taken accordingly as the one or the other (i.e., "and/or");

**(c)** The word "any" shall mean "all" or "one out of several";

**(d)** References to any person shall include natural persons and partnerships, firms and other incorporated bodies and all other legal persons of whatever kind and however constituted;

**(e)** The words "include", "includes" and "including" are to be construed as if they were immediately followed by the words "without limitation"; and

**(f)** Captions and headings used herein are inserted for convenience only and are in no way intended to describe, interpret, define or limit the scope, extent or intent of this Agreement.

**16.** <u>Waiver</u>. Failure by any Party to insist upon strict performance of any provision herein by any other Party shall not be deemed a waiver by such Party of its rights or remedies or a waiver by it of any subsequent default by such other Party, and no waiver shall be effective unless it is in writing and duly executed by the Party entitled to enforce the provision being waived.

**17.** <u>Choice of Law and Forum Selection</u>. This Agreement will be interpreted under and is governed by the laws of the State of Georgia. Each party hereby irrevocably submits itself to and consents to the exclusive jurisdiction of the federal and state courts with jurisdiction over Cobb County, Georgia, for the purposes of any claim arising from or relating to this Agreement, and hereby waives, and agrees not to assert, by way of motion, as a defense, or otherwise, in any such claim, any argument that she or it is not personally subject to the jurisdiction of such court(s), that the claim is brought in an inconvenient forum, or that the venue of the claim is improper.

**18.** <u>Entire Agreement</u>. This Agreement constitutes the entire agreement by and among the Parties regarding the subject matter contained herein and supersedes all prior and contemporaneous undertakings and agreements by and among the Parties, whether written or oral, with respect to such subject matter. This Agreement may not be amended except by a writing executed by all Parties.

19. **Counterparts.** This Agreement may be executed simultaneously in one or more counterparts, any of which shall be deemed an original, and all of which together shall constitute one and the same instrument, notwithstanding that all Parties are not a signatory to the original or the same counterpart. Facsimile signatures shall be treated as originals.

**IN WITNESS WHEREOF,** the undersigned have executed this Agreement on the date last written below.

JEFFREY SCOTT TAYLOR

*/s/ Jeffrey Scott Taylor*

Date: 6/9/21

DREAMS R US, INC..

By: _____

Its: _____

Date: _____

WILL ADAMEK

_____

Date: _____

19. **Counterparts.** This Agreement may be executed simultaneously in one or more counterparts, any of which shall be deemed an original, and all of which together shall constitute one and the same instrument, notwithstanding that all Parties are not a signatory to the original or the same counterpart. Facsimile signatures shall be treated as originals.

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement on the date last written below.

JEFFREY SCOTT TAYLOR

_____

Date: _____

DREAMS R US, INC..

By: *John M. Capone* PRESIDENT

Its: JOHN M. CAPONE

Date: 6/11/21

WILL ADAMEK

*[signature]*

Date: 6/11/21