TED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEFFREY SCOTT TAYLOR,

    Plaintiff,

v.

DREAMS R US, INC. and WILL ADAMEK, an individual,

    Defendants.

CIVIL ACTION NO.

1:21-CV-0958-CAP

# **O R D E R**

This matter is before the court on the parties' joint motion for approval of the settlement agreement. [Doc. No. 16]. The agreement settles the plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA"). Judicial review and approval of FLSA settlements is necessary to give settlements final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). A district court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The court's review of the proposed settlement agreement reveals that it includes a non-disparagement clause. *See* Settlement Agreement and Release at ¶ 7 [Doc. No. 16-1 at 3, ¶ 7]. This paragraph, entitled "Non-Disparagement," provides that the plaintiff "shall refrain from making any

disparaging or defamatory remarks or comments regarding Released Parties relating to his employment with Defendants." [*Id*.].

"[C]onfidentiality provisions contravene both the legislative purpose of the FLSA and undermine the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Gamble v. Air Serv Corporation*, 247 F.Supp.3d 1302, 1306 (N.D. Ga. 2017) (internal quotation omitted). *See also Fears v. Auto Reflections, Inc.,* No. 1:17-cv-2632-TCB, 2018 WL 4846531, at *2 (N.D. Ga. Feb. 8, 2018). "Courts in this circuit routinely reject FLSA settlement agreements containing confidentiality provisions." *Singh v. Petersendean Roofing & Solar Sys., Inc.*, 2018 WL 3219410, at *1 (M.D. Fla. July 2, 2018) (quoting *Pariente v. CLC Resorts & Devs., Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Nov. 14, 2014) (collecting cases)). However, nothing in the language of the Non-Disparagement clause precludes the plaintiff from discussing the settlement and settlement amount. Thus, the court does not view that clause to be the type of disapproved confidentiality clause that compels the plaintiff to silence and "unreasonably frustrates implementation of the 'private-public' rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (footnote omitted).

The court hereby finds that the settlement is fair and reasonable and approves the settlement agreement. Accordingly, the parties' joint motion for approval of the settlement agreement is GRANTED. [Doc. No. 16]. The court retains jurisdiction of this matter for the sole purpose of enforcing the terms of the settlement agreement.

**SO ORDERED** this 23rd day of June, 2021.

/s/CHARLES A. PANNELL, JR.
CHARLES A. PANNELL, JR.
United States District Judge